## Gonzalez *v.* El Sol del Canadá, Compañía de Seguros Sobre la Vida.

Apelación procedente de la Corte de Distrito de San Juan.

No. 117.—Resuelto en Diciembre 10, 1904.

Seguros—Pago de la Póliza.—La demora en el pago, por parte del asegurado del capital ó de la cuota convenida, implica la pérdida de su derecho á reclamar el importe del seguro, ó cantidad asegurada, si sobreviniere el siniestro ó se cumpliere la condición del contrato, estando él en descubierto.

Id.—Término de Gracia ó Cortesia.—Si llegado el vencimiento de una *prima semestral*, no se satisficiere su importe, y el asegurado no hubiere utilizado el término de gracia ó cortesia que le conceda la póliza para hacer el pago de dicha prima, y pueda entenderse renovado el aseguro, los herederos del asegurado no tendrán acción alguna para reclamar de la compañía el pago de la cantidad asegurada.

Costas.—Las costas deben imponerse al litigante cuyas pretensiones hayan sido totalmente desestimadas.

### EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo de mayor cuantía seguidos en el extinguido Tribunal del Distrito de San Juan, entre partes, de la una, Doña Antonia Gonzalez Cabrera, por su propio derecho y en representación de sus menores hijos Doña Juana y Don Julio Candelario y Gonzalez, y por la muerte de ella, continuados por Don Facundo Sanchez León, como tutor de los citados menores, representados por el Letrado Don Eduardo Acuña y Aybar, como demandantes; y de la otra, la Compañía de Seguros sobre la vida el "Sol del Canadá," representada por el Letrado Don Juan de Guzmán Benitez como demandada, sobre cobro de ocho mil pesos provinciales importe de una póliza de seguros de vida é intereses legales y costas; autos pendientes ante Nos á virtud de la apelación interpuesta por la representación de los demandantes contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"Sentencia.—En la ciudad de San Juan de Puerto Rico á trece

de Agosto de mil novecientos tres.—Vistos en juicio oral y público estos autos declarativos seguidos ante este Tribunal, entre partes de la una Doña Antonia Gonzalez Cabrera, por su propio derecho y en representación de sus menores hijos Doña Juana y Don Julio Candelario y Gonzalez, y por la muerte de ella, continuados por Don Facundo Sanchez León, como tutor de los citados menores, representados por el Letrado Don Eduardo Acuña Aybar, como demandantes; y de la otra, la Compañía de Seguros sobre la vida ''El Sol del Canadá,'' representada por el Letrado Don Juan de Guzman Benitez, como demandada; sobre cobro de ocho mil pesos provinciales, importe de una póliza de seguros de vida é intereses legales y costas.

1.—*Resultando:* que la Compañía de seguros sobre la Vida del Canadá ''El Sol,'' libró en ocho de Marzo de 1898, póliza por ocho mil pesos con participación en las utilidades, asegurando la vida de Ramón Candelario, obligándose á pagar dicha suma á la esposa del asegurado Antonia Gonzalez é Hijos; y en la misma póliza bajo el epígrafe ''Privilegios'' se lee la cláusula siguiente: ''Treinta días de cortesía se conceden para el pago de la prima de renovación;'' si después de esta póliza haber estado vigente dos años, no se pagare la prima á su vencimiento, y la reserva que le corresponde, segun el tipo de computación actual del Gobierno del Canadá, despues de deducirse toda la deuda á la Compañía y los intereses que éstas hayan devengados, excede la prima que ella requiere, la póliza no caducará, sino que la Compañía adelantará el montante de la prima, la cual será deuda y primer ''derecho de retención'' á favor de la Compañía cuya deuda devengará un interes compuesto de 10% anual (siete por intereses y tres por gastos) desde la fecha del vencimiento de la prima, cuya deuda é intereses se deducirán de la suma asegurada al hacerse efectiva la póliza. Y si al vencer la prima anual el balance de la reserva técnica de la misma no alcanzare á cubrir una prima anual pero excediere del montante de la prima semestral, la póliza continuará vigente durante seis meses en los términos ante dichos. Y la póliza continuará vigente mientras el balance de la reserva sea suficiente para cubrir la prima vencida; mas si no fuere suficiente la póliza quedará nula, á menos que la prima se satisfaga dentro de los treinta días de cortesía que se conceden. Mas una vez que la deuda acumulada exceda la reserva técnica será ipso facto nula y sin efecto. Si muriese el asegurado durante el tiempo en que su póliza ha sido conservada vigente bajo este método: la Compañía no será responsable sino por el balance de la suma asegurada despues de deducir las primas no satisfechas y los intereses devengados.

2o.—*Resultando:* que Don Ramón Candelario falleció en 30 de Setiembre de 1898, según certificación librada por el Juez Municipal encargado del Registro Civil del Pueblo de Camuy: que habia contraido matrimonio con Doña Antonia Gonzalez en 2 de Agosto de 1895, según certificación del Párroco del expresado pueblo: y que con esos documentos, un recibo del semestre pagado como prima el primero de Marzo de 1898, de la póliza mencionada, y un anuncio de la Compañía aseguradora publicado en el "Diario de Ponce" el seis de Junio de 1901, formuló Doña Antonia Gonzalez Cabrera por sí y en representación de sus menores hijos Juan y Julio Candelario y Gonzalez, demanda pidiendo se condenara á la Compañía "The Sun of Canadá," de seguros de vida, á que le satisficiera cuatro mil dollars, importe del seguro, los intereses devengados al 6% anual desde la fecha de la demanda, (27 de Mayo de 1901) y las costas.

3o.—*Resultando:* que la demanda contiene como hechos: que Ramón Candelaria celebró el contrato de seguro por ocho mil pesos provinciales y prima semestral de ciento veinte y cuatro pesos cuarenta centavos, en primero de Marzo de 1898, precediendo los reconocimientos facultativos é informes, y extendiéndose en ocho de Marzo del referido año la póliza que queda mencionada; fijándose la prima por semestres pagaderos lo. de Marzo y lo. de Septiembre y consignándose los privilegios que formaban parte esencial de la misma, entre los que existia el de cortesia ó sea la concesión de treinta días para el pago de primas de renovación: que el pago se haría en la Oficina de San Juan: que Candelario pagó oportunamente la prima según recibo producido: que falleció el treinta de Setiembre ya expresado, estando casado con Doña Antonia Gonzalez Cabrera desde 2 de Agosto de mil ochocientos noventa y cinco, habiendo de ese enlace nacido dos hijos Juana y Julian menores de veinte y un años: y que no obtuvieron resultado sus gestiones para conseguir el pago, siendo el derecho: los artículos 83, 380, 382, 416 y 421 del Código de Comercio, el 63 caso lo. de la Ley de Enjuiciamiento Civil y la Ley No. 26 de la Asamblea Legislativa.

4o.—*Resultando:* que el demandante contestó: que es cierto que Ramón Candelario concertó el contrato que consta en la póliza la que expresa que para estar en vigor deberá pagarse el premio semi-anual en lo. de Marzo y lo. de Setiembre de 1898 y los sucesivos: que se pagó el de Marzo del 98 y no el de Setiembre manifestando Candelario que no pudiendo pagarlo abandonaba el seguro, diciéndolo así al agente Storer en carta, que expresa lo que sigue: "Camuy Setiembre 9 de 1898.—Señor Don Carlos Storer.—Arecibo.—Muy Señor mio.—Segun

me avisan de la Capital se me venció mi póliza el primero del presente y no pudiendo pagar por hallarme sin recursos, debido á los trastornos de la guerra le participo no puedo continuar con él y abandono el seguro.—Sin más quedo S. S.—Ramón Candelario.''—Que el díez de Setiembre, Storer comunicó á la agencia de esta Ciudad la resolución del asegurado y el agente general anotó en el Registro oficial de la Compañia al márgen del de la póliza la palabra inglesa que significa ''Abandonada:'' que en la cuenta del mismo mes de Setiembre Meltz hizo constar haber quedado sin lugar el cobro de la póliza de renovación del seguro de Candelario por haberlo éste abandonado, dando cuenta á la Compañía: que ni la Compañía ni sus representantes en San Juan y en Arecibo tuvieron que ocuparse mas de este asunto, siendo falso que se hubiera exigido el pago de la póliza varias veces, á menos que la actora se refiera á las gestiones, que mal aconsejada, hace ahora: que poco importa la fecha de la muerte de Candelario, pues abandonado el seguro y el derecho de treinta días de cortesía que se invoca y que forma parte esencial del contrato, lo mismo dá que muriera el asegurado antes ó despues del término de gracia, pero es de tenerse en cuenta el transcurso de tres años sin gestionar el cobro: y que niega todos los hechos y afirmaciones de la demanda, inconformes con lo consignado; siendo el derecho: el artículo 385 del Código de Comercio, los 4o. 1114 y 1124 del Código Civil y pidiendo se declarara la demanda sin lugar, por haber quedado abandonada y sin ningun efecto la póliza, con las costas á la demandante.

5o.—*Resultando:* de la prueba de la actora: que cotejada la partida de defunción de Ramón Candelario con su original resultó conforme con él: que se trajo certificación del encargado del Registro Civil de Camuy del acta de matrimonio de Candelario con Doña Antonia Gonzalez Cabrera, y de las de nacimiento de los hijos de ese matrimonio Juana Bautista y Julian: que se unió certificación del acta de declaratoria de herederos abintestato de Ramón Candelario á favor de sus hijos legítimos antes expresados, sin perjuicio del derecho de la viuda, según el artículo 1834 del Código Civil, cuya declaratoria fué decretada por el Tribunal de Arecibo en 6 de Setiembre de 1901: que constituido el Secretario del Juzgado Municipal á virtud de la órden librada por el Tribunal en el Establecimiento de los agentes de la Compañía aseguradora ''El Sol de Canadá'' se exhibió por éstos el libro ''copiador de cartas,'' que comprende desde 19 de Mayo 1898 á 17 de Octubre apareciendo al folio 339 una carta de 11 de Setiembre del indicado año, dirijida á Don Carlos F. Storer Arecibo en la que, entre otros particulares, existe el referente á Ramón Candelario, que dice: ''Recibí

devuelto No. 71496 M. Alfonso y anoto que tampoco R. Candelario No. 71228 no continua con su seguro;'' y requiridos los mismos agentes para presentar los demas libros de la referida agencia, exhibieron uno en el que aparece una cuenta de trece de Septiembre de 1898, en la que entre otras partidas existe una partida de este tenor: ''71,228.—Ramón Candelario, 124,40,'' cuya partida según el agente se refiere á pólizas devueltas para su cancelación; haciéndose constar que la cuenta y carta están autorizadas por C. B. Meltz; que se presentó certificación del Secretario del Municipio de Camuy con el Visto Bueno del Alcalde, que dice: ''Don Fructuoso Filpi y Colon, Secretario del Ayuntamiento de Camuy; Certifico: que en el patrón general de vecinos formalizado por este Ayuntamiento en el año de 1897, aparece inscrito en la sección del barrio de Zanja término municipal del pueblo de Camuy el individuo Ramón Candelario de 28 años de edad, color moreno, casado, no sabe leer, no sabe escribir, es natural y vecino de Camuy y de profesión labrador.—Y para entregar á parte interesada expido la presente que visa el Sr. Alcalde en Camuy á 17 de Setiembre de 1901.—Fructuoso Filpi.—Vo. Bo. El Alcalde Estrella.—Hay un sello que dice: Alcaldia Municipal de Camuy.—6°.—Resultando además de la prueba del actor, que declararon cuatro testigos que conocian á Candelario, quien no sabia escribir, expresando uno de ellos que ignoraba si en la época de la guerra sabia escribir y dos de esos mismos que firmaron en la transcripción de la partida de matrimonio de Candelario porque éste no sabia, y el otro que le vió hacer varias veces operaciones y firmó á su ruego otra persona; expresando un testigo que Candelario era medianero y podia disponer de ciento ó ciento cincunenta pesos al año, otro, que podia pagar la suma del seguro por ser de posición desahogada, otro que manejaba dinero, sin saber cuales eran sus negocios viéndole vender frutos y sabiendo que tenia tierritas y el otro que hacia pequeños negocios y le veià vender frutos menores.—7°.—Resultando que de la prueba del demandado consta: la carta que menciona la contestación á la demanda de Setiembre 9 de 1898, que se dice firmada por Ramón Candelario: otra carta firmada ''José F. Storer'' dirijida á Don Carlos B. Meltz manifestándole que el recibo de Ramón Candelario No. 71,228 por $124.40 vencido el primero de Setiembre de 1898, no lo enviara pues no pudiendo ser satisfecho por el asegurado abandonaba el seguro.—8°.—Resultando que señalado día y hora para el juicio oral despues de declarado nulo el que se celebrára con asistencia de los Jueces Asociados Señores Perea y Hord por la imposibilidad de continuarlo, y practicadas las pruebas del demandante, sin recla-

mación ni protesta del demandado, se suspendió el juicio; declarando Don David Storer que reconoce la firma de la solicitud por él puesta y que Candelario firmó á su presencia; reconociendo el testigo Delgado la suya obrante en dicha solicitud y manifestando que Candelario firmó en la casa donde se hacían los seguros por Don David Storer: que no sabe supiera leer y escribir Candelario, pero sí que sabia firmar, por que lo vió hacerlo: que Candelario tenia con el declarante un negocio por doscientos pesos á consecuencia de él, le entregó hacen seis ó siete años un documento privado firmado: y deponiendo el Dr. Aleman que reconoce como suyas las firmas por él puestas en la solicitud, estampadas en la fecha que indican: que recuerda que Candelario se presentó con la solicitud en la agencia de Storer para practicar el reconocimiento, el cual practicó el testigo, no pudiendo precisar por el tiempo transcurrido si Candelario firmó á su presencia ó venian estampadas las firmas en la solicitud; apareciendo de la prueba pericial que la palabra ''Dropped'' del registro de la póliza, y la firma ''Meltz,'' cotejada con la indubitada de éste, obrante en la Notaria de Don Mauricio Guerra, en la escritura de Meltz y Ca. á juicio de los peritos parecen trazadas por una misma mano, sin poder asegurarlo.—9°.—Resultando que también se unió á los autos como prueba del demandado, la solicitud original de Candelario para obtener el seguro, dirigida á la Compañía y existente en la Oficina principal de Montreal.—10°.—Resultando que en la tramitación de este juicio se han observado las formalidades legales.—Siendo Ponente el Juez Asociado Don José Tous Soto.

1°. *Considerando:* que el asegurado que demore la entrega del capital ó la cuota convenida no tendrá derecho á reclamar el importe del seguro ó cantidad asegurada si sobreviniere el siniestro ó se cumpliere la condición, estando él en descubierto (Artículo 425 del Código de Comercio.)

2°. *Considerando:* en tal virtud, que verificado el siniestro, esto es, el fallecimiento de Candelario, en 30 de Septiembre de 1898, debiendo haberse verificado el pago de la prima de renovación en primero del mismo mes, según los términos de la póliza de seguro, se encontraba, indudablemente el asegurado, según los términos de la Ley, en descubierto con el asegurador; si bien, teniendo él ó sus causahabientes, todavía un día, de los treinta de gracia ó cortesía concedidos por el contrato para el pago de prima de renovación, ó sea, para saldar el descubierto con la Compañía aseguradora; y por consiguiente, no verificado el pago de la prima dentro del término de gracia, evidentemente no quedó renovado ó prorrogado el contrato

de seguro por otro seis meses, según las estipulaciones entre asegurador y asegurado, consignadas en la póliza, que es ley suprema del contrato en cuanto sus pactos sean lícitos y legales (art. 61, 57, 51 del Código de Comercio).

3°. *Considerando de otra parte:* que el seguro aparece abandonado por el asegurado, en carta de folio 30 dirigida por Candelario al Agente de la Compañía demandada Don Carlos Storer, el nueve de Septiembre de 1898, de cuya legitimidad no puede dudarse, por que su cotejo pericial con las firmas del asegurado, puestas en la solicitud de aseguramiento, que según lo estipulado en la póliza forma parte del contrato de seguro en que la parte demandante funda su derecho, demuestra de manera concluyente la identidad de la firma de la carta ameritada y la de las firmas estampadas en el documento que es base de la acción ejercitada.

4°. *Considerando:* que la solicitud de aseguramiento es documento auténtico á los efectos del cotejo por que forma parte de la póliza, que está aceptada como auténtica por el actor en el hecho de fundar en en ella su acción y por el demandado, de manera expresa en su contestación á la demanda (art. 607, No. 1°, de la Ley de Enjuiciamiento Civil).

5°. *Considerando:* que en el supuesto de no tener el carácter de auténtica la solicitud de aseguramiento, por común acuerdo de las partes, no podría menos de atribuírsele todo el valor de los documentos enumerados como auténticos en el art. 607 de la Ley de Enjuiciamiento Civil, de acuerdo con el 606 de la misma Ley, combinando el valor de dicho documento como fundamental de la acción, con el resultado de la prueba testifical del Dr. Aleman, David Storer y Bernardino Delgado.

6°. *Considerando:* que el exámen de los libros de comercio y correspondencia de la sociedad Meltz y Gandia, Agentes representantes en esta Isla de la Corporación demandada, y el cotejo de la firma indubitada de Meltz con la palabra ''Dropped'' estampada al dorso de la inscripción de la póliza de Candelario en el registro de dichos agentes, robustecen la fuerza probatoria que por sí sola tiene la carta, para justificar el abandono de la póliza por el asegurado.

7°. *Considerando:* que ora se estime abandonada la expresada póliza, esto es, rescindido é insubsistente el contrato de seguro, ora sin prorrogar ó renovar por falta de pago de la prima convenida, no ya en el término estipulado sino en el mes de gracia, es evidente que carecen de acción Doña Antonia Gonzalez y sus hijos para exigir el montante del seguro; pues si bien no solo el que contrata con la Com-

pañía, sino el tercero á cuyo favor se hace el seguro, tiene acción contra la Compañía aseguradora según el artículo 421 párrafo 2º. del Código de Comercio, esto se entiende en el supuesto de que la póliza se encuentre en vigor y no en el caso de haber decaido por abandono ó renuncia expresa del seguro ó por incumplimiento de su estipulación fundamental, dejándose de pagar la prima.

8º. *Considerando:* que la parte cuyas pretensiones se desestimen en absoluto debe satisfacer las costas.

*Vistos* los artículos citados y los de aplicación de la Ley de Enjuiciamiento Civil.

*Fallamos:* que debemos declarar y declaramos sin lugar esta demanda con las costas á los demandantes. Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.

El Honorable Juez Presidente Don Juan Morera Martinez votó en Sala de conformidad y no firma por ser ausente con licencia.—Frank H. Richmond, José Tous Soto.

*Resultando*: que contra esta sentencia interpuso apelación la representación de los menores Candelario Gonzalez, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes, personadas éstas, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, á cuyo acto asistieron los abogados defensores de las partes, informando lo que estimaron pertinente á su derecho.

Abogado de los apelantes: *Sr. Acuña (Eduardo)*.

Abogado del apelado: *Sr. Guzman Benitez (Juan)*.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opiniión del Tribunal.

Aceptando los fundamentos de hecho y el primero de derecho de la sentencia apelada.

*Considerando*: que aparte de la cuestión propuesta por la representación de la Compañía demandada, respecto al abandono del seguro por parte del asegurado Ramón Candelario, comunicado al Agente de dicha Compañía en Arecibo, Don Carlos Storer, en carta de 9 de Setiembre de 1898, y sobre cuyo particular las pruebas aducidas por una y otra parte no permiten llegar á una conclusión exacta, es lo cierto que tanto

por la falta de pago en el día de su vencimiento, de la prima semestral correspondiente al 1o. de Setiembre de dicho año, cuanto por no haber utilizado el asegurado el término de gracia ó cortesía que le concedia la póliza para pagar dicha prima semestral, al efecto de que pudiera entenderse renovado el aseguro por otros seis meses más, es evidente que la viuda é hijos del difunto Candelario, carecian de toda razón y fundamento legal para reclamar de la Compañía demandada el pago de la cantidad asegurada.

*Considerando*: que conforme á la regla 68 de la Orden General número 118 de 15 de Agosto de 1899, las costas deben imponerse al litigante cuyas pretensiones hayan sido totalmente desestimadas.

Vistas las disposiciones legales citadas.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada de 13 de Agosto de 1903, con las costas de esta segunda instancia á cargo de la parte apelante.

Jueces concurrentes: Sres. Hernandez, Figueras, Mac-Leary y Wolf.